Keith D. Karnes, OSB # 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK MCKAY, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, AND THE OREGON UNLAWFUL DEBT COLLECTION PRACTICES ACT, FAILURE TO REGISTER COLLECTION AGENCY |
| CROSSCHECK, INC. | |
| Defendants. | |
| | JURY REQUESTED |

JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), as well as the Oregon Unlawful Debt Collection Practices Act, ORS 646.639 *et seq*. ("UDCPA") and for failure to register a collection agency pursuant to ORS 697.015.

3.  Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Mark McKay is a natural person who resides in the City of Gresham, County of Multnomah, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Crosscheck, Inc. (hereinafter "Crosscheck") is a collection agency operating from an address of 6119 State Farm Dr., Rohnert Park, CA 94928, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about November 11, 2006 Plaintiff purchased a vehicle from Royal Moore Auto Centers ("Royal Moore") and Plaintiff wrote a check for the down payment totaling $1,691.

7. Plaintiff purchased the vehicle primarily for personal, family or household purposes and is therefore Plaintiff's obligations are a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Due to Plaintiff's miscalculations, the check to Royal Moore was not honored by Plaintiff's bank and the check was returned to Royal Moore.

9. Royal Moore employed Defendant to collect the returned check from Plaintiff.

### Initial attempts to collect in violation of FDCPA

10. On or about January 17, 2007 Defendant telephoned Plaintiff and left a message for Plaintiff to return the call to Defendant.

11. On or about January 18, 2007 Plaintiff telephoned Defendant and Plaintiff apologized for bouncing the check and offered to make payments for the face value of the check and for the service fee.

12. Defendant's employee's stated that Defendant was not a loan institution and that Defendant would not accept payments and Defendant stated that Plaintiff had until January 22, 2007 to pay the amount in full.

13. Plaintiff informed Defendant that he did not have the funds available to pay Defendant immediately.

14. On or about January 19, 2007 Defendant redeposited the check written to Royal Moore causing Plaintiff's checking account to be overdrawn by approximately $800.

15. On or about January 26, 2007 Defendant telephoned Plaintiff's wife and stated that:

Plaintiff is a loser for bouncing the check.

Plaintiff is not a man because he has to speak to Plaintiff's wife about the matter

That Plaintiff's wife needed to get a job.

If Plaintiff did not pay $800 by noon Monday 1/29/07, there would be "surprises" and that    Plaintiff and his wife needed to get a lawyer.

That Plaintiff would go to jail for writing a bad check.

That Defendant had checked out Plaintiff's credit report and referenced several examples of Plaintiff's poor credit history.  Defendant told Plaintiff's wife that obviously Plaintiff have been "know to go down this road before."

Plaintiff has suffered actual damages from this unlawful debt collection

16.    As a direct and proximate result of Defendant's actions in making harassing statements to Plaintiff and his wife Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, upset stomach, headaches, worry, frustration, sadness, depression, fear, and sleeplessness, marital problems, among other negative emotions.

17. Defendant has failed to register as a collection agency with the Oregon Department of Consumer and Business Services.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(7), 1692e(10), and 1692f.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II.

### VIOLATION OF UNLAWFUL DEBT COLLECTION PRACTICES ACT

### ORS 646.639 *et seq*.

22. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though

fully stated herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the UDCPA including, but not limited to, ORS 646.639(2)(b) and (k).

24. As a result of Defendant's violations of the UDCPA, Plaintiff has suffered actual damages and is entitled to actual damages pursuant to ORS 646.641; statutory damages in an amount up to pursuant to ORS 646.641; an order enjoining Defendant from violating the UDCPA pursuant to ORS 646.641; and reasonable attorney's fees and costs pursuant to ORS 646.641 from Defendant.

## COUNT III.

## FAILURE TO REGISTER

25. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

26. Defendant's failure to register with the Department of Consumer and Business Services is a violation of ORS 697.015.

27. Defendant's failure to register entitles Plaintiff to enjoin Defendant from collecting debts in the State of Oregon pursuant to ORS 697.087, compensatory damages pursuant to ORS 697.087, attorney fees and costs pursuant to ORS 697.087.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

Page 5- COMPLAINT

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

## COUNT II.

### VIOLATIONS OF THE UNLAWFUL DEBT COLLECTION PRACTICES ACT

### ORS 646.639 *et seq*

for an award of actual damages, punitive damages, attorney fees, and costs against Defendant suffered as a result of the UDCPA violations in an amount to be determined at trial;

an order enjoining Defendant from violating the UDCPA;

## COUNT III.

### FAILURE TO REGISTER

for an award of compensatory damages, attorney fees and costs against Defendants for Plaintiff's damages suffered as a result of Defendant's failure to register in an amount to be determined at trial;

an order enjoining Defendant from collecting debts in the State of Oregon; and,

for such other and further relief as may be just and proper.

DATED 03/19/07

        Olsen, Olsen & Daines, LLC

        /s/ Keith D. Karnes
        Keith D. Karnes, OSB # 03352

Page 6- COMPLAINT

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Mark McKay, swear under penalty of perjury that to the best of my knowledge:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


DATED    03/15/2007

/s/ Mark Mckay
Mark McKay